**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUHUA ZHANG, | No. 15-73577 |
| Petitioner, | Agency No. A089-884-717 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022**
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and ROSENTHAL,***
District Judge.

Yuhua Zhang, a native and citizen of China, petitions for review of a Board

of Immigration Appeals (BIA) decision dismissing his appeal of an order of an

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the agency's adverse credibility determination. The agency provided "specific and cogent" reasons for finding Zhang's testimony lacked credibility. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Zhang's testimony contained numerous discrepancies, including inconsistencies about the date of his initial detention in 1994, whether his wife was subjected to a forced abortion or a forced sterilization, whether he paid a fine to family planning officials, why his land certificate was taken away, whether he sought medical treatment after being beaten by police, and when and how he began practicing Christianity. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."); *see also Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) ("Inconsistencies that form the basis of an adverse credibility determination no longer need to go to the heart of a petitioner's claim . . . .").

2. The IJ properly concluded that the corroborating evidence that Zhang submitted, an unsigned form letter from Zhang's church in the U.S. and several U.S. State Department reports on religious freedom in China, was insufficient to

2

support his claims. Without more, "generalized evidence of violence . . . is insufficient" to establish eligibility for CAT relief. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**